IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00752-PAB-NRN

NICHOLAS J. HALL,

     Plaintiff,

v.

SERGEANT THOMPSON, and
OFFICER RIVERA,

     Defendants.

---

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR PARTIAL DISMISSAL (ECF No. 41)**

---

**N. REID NEUREITER
United States Magistrate Judge**

     This 42 U.S.C. § 1983 prisoner civil rights case comes before the Court pursuant to an Order, ECF No. 42, issued on December 19, 2025 by Judge Phillip A. Brimmer referring Defendants Sergeant Thompson and Officer Rivera's (together, "Defendants") Motion for Partial Dismissal ("Motion"), ECF No. 41. Plaintiff Nicholas J. Hall ("Plaintiff") filed his response on February 4, 2026. ECF No. 45. Defendants filed their reply on February 13, 2026. ECF No. 46. The Court heard oral argument on February 27, 2026. ECF No. 48. The Court has taken judicial notice of the Court file and considered the applicable Federal Rules of Procedure and case law. Now, being fully informed and for the reasons discussed below, the Court recommends that Defendants' Motion be **GRANTED.**

1

## I.    BACKGROUND

### a.  Procedural Background

Plaintiff is a convicted and sentenced state prisoner at the Limon Correctional Facility ("LCF") in Limon, Colorado. Plaintiff filed his initial complaint on March 7, 2025. ECF No. 1. Following screening, Plaintiff was ordered to file an Amended Complaint on March 10, 2025. *See* ECF No. 5. Plaintiff filed an amended complaint on June 16, 2025, naming several individuals and entities and including seven claims for relief. *See* ECF No. 13. Following further review, Magistrate Judge Richard T. Gurley issued a report and recommendation, concluding that all claims—except for the claim for excessive force against Defendants Thompson and Rivera in their individual capacities—should be dismissed. *See* ECF No. 15. The recommendation was adopted on July 22, 2025. ECF No. 17.

Subsequently, Defendants filed a Motion to Dismiss or, in the Alternative, for More Definite Statement on September 22, 2025. ECF No. 26. At the Status Conference held on October 28, 2025, the Court denied the motion to the extent it sought dismissal but granted it to the extent it sought a more definite statement. The Court ordered Plaintiff to file a further amended complaint. *See* ECF No. 35 (Minute Entry for proceedings held on October 28, 2025).

On November 21, 2025, Plaintiff filed the operative Second Amended Complaint ("SAC"). ECF No. 36. However, in addition to the excessive force claim, Plaintiff also asserted a new claim for "cruel and unusual punishment," and two state law claims for negligence and "intentional infliction of duress." *See generally id.* Defendants now move to dismiss Plaintiff's second, third, and fourth claims.

2

### b.  Claims in the SAC[1]

Plaintiff's first claim against Defendants is for excessive force. ECF No. 36 at 4. Plaintiff alleges that on September 20, 2024, while incarcerated at LCF, he was tased without warning while waiting in line for medications. *Id.* Plaintiff alleges that Defendant Thompson falsely accused Plaintiff of "loitering" in the line for medication and threatened to place Plaintiff in segregation if he did not exit the line and return to his unit. *Id.* Plaintiff obliged—and as he was leaving, he told Defendant Thompson over his shoulder that he was going to file a grievance against him for denying Plaintiff his medications. *Id.* Plaintiff alleges that Defendant Thompson then, without warning, grabbed Plaintiff by the elbow. At the same time, Defendant Rivera tased Plaintiff. *Id.* One of the probes lodged into Plaintiff's left thumb. Plaintiff was then tased again by Defendant Thompson. Plaintiff alleges that he was tased while he was already incapacitated, and that he was not resisting or making any kinds of threats. *Id.*

Based on these same set of facts, Plaintiff brings a second claim for "cruel and unusual punishment." *See id.* at 7.

Plaintiff's third claim is a state law claim for negligence. Plaintiff alleges that Defendants were negligent when they "wrongfully and unjustly den[ied] [Plaintiff] access to [his] medications." *Id*. at 6.

---

[1] Unless otherwise noted, all factual allegations are taken from Plaintiff's SAC, ECF No. 36, and are presumed to be true for the purposes of the motions to dismiss. Any citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

Plaintiff's fourth claim is for "Intentional Infliction of Duress." *Id.* Plaintiff alleges that Defendants "utilize[ed] tactics" that left Plaintiff "severely traumatized mentally, physically, and emotionally." *Id.*

Defendants move to dismiss Plaintiff's second, third and fourth claims. *See* ECF No. 41. They argue that Plaintiff's second claim for cruel and unusual punishment is duplicative, and that Plaintiff's state law tort claims for negligence and "intentional infliction of duress" are barred by the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-101, et seq..

## II.    STANDARDS FOR DISMISSAL

### a.  Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim. Instead, it is a determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). As the party seeking to invoke the jurisdiction of this court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction") (quoting *United*

4

*States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir.
1999)).

### b.  Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure
to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's
function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties
might present at trial, but to assess whether the plaintiff's complaint alone is legally
sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*,
336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court
reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are
true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935
F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must
contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic
Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to
dismiss, means that the plaintiff pleaded facts which allow "the court to draw the
reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The
*Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the
allegations in the complaint that are not entitled to the assumption of truth," that is,
those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.*
at 679–81. Second, the court considers the factual allegations "to determine if they
plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible
claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

### c. Pro Se Plaintiff

The Court must construe the Complaint and other papers filed by Plaintiff liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110; *Craig v. McCollum*, 590 F. App'x 723, 726 (10th Cir. 2014) ("Our liberal construction of pro se petitions does not exempt them from the rules of procedure binding the petitions of other litigants.") (citation omitted).

### III.    ANALYSIS

### a. Plaintiff's Second Claim for "Cruel and Unusual Punishment" is Duplicative of Plaintiff's First Claim for Excessive Force.

In Plaintiff's second claim for "cruel and unusual punishment," Plaintiff asserts that "[t]he cruel and unusual punishment utilized on me for a supposed minor violation nearly cost me my life and has traumatized me physically and emotionally." ECF No. 36 at 7. The basis for Plaintiff's second claim is the exact same set of facts as his first claim for excessive force. As Defendants argue, no additional facts are alleged in support of the cruel and unusual punishment claim. In this case, the events that constitute the factual basis for Plaintiff's first claim for excessive force "all occurred after Plaintiff was convicted and housed at Plaintiff's place of incarceration. . . . Thus there is no question that Plaintiff's claim regarding excessive force falls under the cruel and unusual punishment clause of the Eighth Amendment." *Wingfield v. Clark*, No. 11-cv-00630-REB-KLM, 2012 WL 6840540, at *4 (D. Colo. Sept. 4, 2012), *report and recommendation adopted,* 2013 WL 140460 (D. Colo. Jan. 11, 2013).

Construing Plaintiff's first claim for excessive force as falling under Eighth Amendment's prohibition against cruel and unusual punishment,[2] the Court finds that Plaintiff's second claim is duplicative of the first claim for relief and should therefore be dismissed. *See also Brooks v. Colo. Dep't of Corr.*, No. 18-cv-02578-PAB-SKC, 2019 WL 4120753, at *6 (D. Colo. Aug. 6, 2019) ("Here, there are no differentiating facts between Brooks' Eighth Amendment claim and his Fourteenth Amendment claim. . . . Thus, the Fourteenth Amendment claim is duplicative of the Eighth Amendment claim and should be dismissed on that ground."), *report and recommendation adopted*, 2019 WL 4085371 (D. Colo. Aug. 29, 2019); *Thirsk v. Elder*, No. 21-cv-0215-WJM-NYW, 2022 WL 855551 * 8 (D. Colo. Mar. 10, 2022) ("Mr. Thirsk already has asserted a Fourteenth Amendment claim, which appears to be essentially identical to his asserted Eighth Amendment claim. . . . Accordingly, if the court were to simply construe Claim Two as asserting a Fourteenth Amendment claim, this claim would be duplicative of Claim One and may be subject to dismissal.").

### b. Plaintiff's Third and Fourth Claims for Negligence and "Intentional Infliction of Duress" are Barred by the CGIA.

Plaintiff's third and fourth claims are for negligence and "intentional infliction of duress." *See* ECF No. 36. Defendants argue that both these claims are barred by the CGIA. The CGIA places certain limitations on plaintiffs' ability to sue the state of

---

[2] The Court is not bound by the legal labels attached by Plaintiff to his claims. *See Castro v. United States,* 540 U.S. 375, 381 (2003) (noting that it is appropriate for federal courts to ignore the legal labels attached to a pro se plaintiff's claims "to create a better correspondence between the substance of a pro se [party's] [] claim and [the] underlying legal basis . . . .").

Colorado and its employees. The statute "cover[s] all actions which lie in tort or could lie

in tort." Colo. Rev. Stat. § 24-10-105(1). It states in relevant part:

> No public entity shall be liable for such actions except as provided in this article, and no public employee shall be liable for injuries arising out of an act or omission occurring during the performance of his or her duties and within the scope of his or her employment, unless such act or omission was willful and wanton, except as provided in this article.

*Id.* State law governs the nature and scope of a claimed immunity under the CGIA. *See*

*Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832,

837 (10th Cir. 2003). The CGIA also contains certain notice requirements:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty-two days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury.

Colo. Rev. Stat. § 24-10-109(1). Such notice must contain certain specified information,

and must be filed with the attorney general. *Id.* § 24-10-109(3)(a). The CGIA further

specifies that a failure to comply with this notice requirement is "a jurisdictional

prerequisite to any action brought under the provisions of this article, and failure of

compliance shall forever bar any such action." *Id.* The Tenth Circuit has held that these

notice requirements "apply when federal courts hear Colorado tort claims under

supplemental jurisdiction." *Aspen Orthopaedics*, 353 F.3d at 838. "Colorado courts

consistently hold that a plaintiff must plead compliance with the CGIA's notice

provisions in the complaint to avoid dismissal." *Id.* at 840; *see also Kratzer v. Colo.*

*Intergovernmental Risk Share Agency*, 18 P.3d 766, 769 (Colo. Ct. App. 2000) ("[A]

claimant must allege in his or her complaint that the claimant has complied with the

jurisdictional prerequisite of filing of a notice of claim."). "Generally, an allegation such

as the following would suffice: 'Plaintiff fully complied with the provisions of Colo. Rev. Stat. § 24–10–109.'" *Aspen Orthopaedics*, 353 F.3d at 841.

Defendants argue, among other things, that the SAC does not state that Plaintiff complied with the CGIA's notice provisions, and therefore the state law claims must be dismissed. Defendants further state that they are not aware of any notice of claim filed by Plaintiff pursuant to Colo. Rev. Stat. § 24-10-109. ECF No. 41 at 7.

In his response, Plaintiff does not address any of Defendants' arguments concerning subject matter jurisdiction and the CGIA. Plaintiff fails to state that he complied with the notice requirement, and he does not argue that his claims for negligence and "intentional infliction of duress" fall within any waiver of immunity under the CGIA. *See generally* ECF No. 45.

Therefore, because Plaintiff has not adequately pled that he complied with the CGIA notice requirements, and because no enumerated waiver of sovereign immunity seemingly applies, the Court finds that the CGIA bars Plaintiff's state law claims for negligence and "intentional infliction of duress," and recommends that these claims against Defendants be dismissed.

## IV.    RECOMMENDATION

For the reasons set forth above, the Court hereby **RECOMMENDS** that Defendants Sergeant Thompson and Officer Rivera's Motion for Partial Dismissal, ECF No. 41, be **GRANTED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District**

9

**Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.***, 183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse***, 91 F.3d 1411, 1412–13 (10th Cir. 1996).**

Dated at Denver, Colorado this 17th Day of June 2026

_____
N. Reid Neureiter
United States Magistrate Judge