IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-00752-PAB-NRN

NICHOLAS J. HALL,

      Plaintiff,

v.

SERGEANT THOMPSON, and
OFFICER RIVERA,

      Defendants.

---

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Report and Recommendation of Magistrate Judge [Docket No. 57]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 57 at 9-10; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on June 17, 2026. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P.

72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that

the Recommendation is a correct application of the facts and the law.  Accordingly, it is

ORDERED that the Report and Recommendation of Magistrate Judge [Docket

No. 57] is ACCEPTED.  It is further

ORDERED that defendants Sergeant Thompson and Office Rivera's Motion for

Partial Dismissal [Docket No. 41] is GRANTED.  It is further

ORDERED that plaintiff's second claim is DISMISSED without prejudice.  It is

further

ORDERED that plaintiff's third and fourth claims are DISMISSED with

prejudice.

DATED July 14, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).